ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR - 2 2001
CLERK, U.S. DISTRICT COURT
By ______ Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ALLAN ZISHKA, et al.,

Plaintiffs,

v.

AMERICAN PAD & PAPER COMPANY, et al.,

Defendants.

Civil Action No. 3-98-CV-0660-M
(Consolidated with 3-98-CV-1072-H)

**REPLY MEMORANDUM OF THE BAIN DEFENDANTS IN SUPPORT OF THEIR <u>MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT</u>**

John D. Donovan, Jr.
Mass. Bar No. 130950
Michele T. Perillo
Mass. Bar No. 629343
ROPES & GRAY
One International Place
Boston, MA 02110
(617) 951-7000

Lee L. Cameron, Jr.
Texas State Bar No. 03675380
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
5000 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 698-8000

*ATTORNEYS FOR THE BAIN DEFENDANTS*

Dated: March 2, 2001

156

TABLE OF CONTENTS

Page

INTRODUCTION ....................................................................................................1

ARGUMENT ........................................................................................................2

I. Pleading Mere "Status" As a "Control" Person Is Insufficient to State a Claim for Liability Under Section 20(a) of the Exchange Act ........................................................2

A. The Plaintiffs Misinterpret Fifth Circuit Precedent to Contend that "Status" Suffices for "Control Person" Liability ....................................................................2

B. Pleading Actual Power to Influence Specific Conduct Is Consistent With the PSLRA and The Supreme Court's Decision in Central Bank ..................................6

CONCLUSION .....................................................................................................8

# TABLE OF AUTHORITIES

Cases

Abbott v. Equity Group, 2 F.3d 613 (5th Cir. 1993) .......... 2, 4, 5

Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164 (1994) .......... 7

Dennis v. General Imagining, Inc., 918 F.2d 496 (5th Cir. 1990) .......... 2, 3, 4, 5

Dinsmore v. Squadron, Ellenoff, Plesent, Sheinfeld & Sorkin, 135 F.3d 837 (2d Cir. 1998) .......... 7

G.A. Thompson & Co. v. Partridge, 636 F.2d 945 (5th Cir. 1981) .......... 2, 3, 4, 5

In re Fidelity/Micron Securities Litigation, 964 F. Supp. 539 (D. Mass. 1997) .......... 7

RGB Eye Assocs, P.A. v. Physician Resource Group, Inc., No. 3:98-CV-1715D, 1999 U.S. Dist. LEXIS 21940 (N.D. Tex. May 13, 1999) .......... 5

Weld v. Stage Stores, Inc., No. H-99-0957 (S.D Tex. Dec. 8, 1999) .......... 5

## INTRODUCTION

The plaintiffs take one sentence from a twenty year old case in which the plaintiff did *not* make a claim under Section 20(a) of the Exchange Act, exaggerate it into the law of the Fifth Circuit, and ignore recent local authority and wholesale changes in securities litigation and jurisprudence – all to advance the remarkable position that "control person" liability is a "status" based offense that requires "no action whatsoever" on the part of the Bain Defendants. In short, they contend that although actual conduct and scienter is required for *primary* liability, it is irrelevant for a *secondary* cause of action. Status suffices.

That conclusion, however, is neither logical nor does it follow from the case law. A fair synthesis of the only three Fifth Circuit opinions that have ever even discussed "control person" yields a different result. "Control person" liability cannot exist without a showing of the actual ability to influence specific aspects of an issuer's affairs such that the exercise of that power can be inferred. Indeed, that reading of old Fifth Circuit law is buttressed by the significant changes in approach to securities litigation wrought by the Private Securities Litigation Reform Act (PSLRA) and recent Supreme Court decisions. Under the reform measure and high court guidance, facts attesting to conduct that permits an inference of the requisite mental state are essential ingredients of a viable claim.

As set forth below, the status based offense that the plaintiffs advance cannot exist under the securities laws. Since the plaintiffs claim nothing more than status against the Bain Defendants, the Amended Complaint should be dismissed.

## ARGUMENT

### I. PLEADING MERE "STATUS" AS A "CONTROL" PERSON IS INSUFFICIENT TO STATE A CLAIM FOR LIABILITY UNDER SECTION 20(A) OF THE EXCHANGE ACT

#### *A. The Plaintiffs Misinterpret Fifth Circuit Precedent to Contend that "Status" Suffices for "Control Person" Liability*

The plaintiffs' "status suffices" contention is cobbled from three sentences taken from three decisions over a thirteen year span. The plaintiffs seize first on a single sentence from G.A. Thompson & Co. v. Partridge, 636 F.2d 945 (5th Cir. 1981). In Thompson, the court defined "control" according to the strict words of the statute, and observed that "neither this definition nor the statute appears to require participation in the wrongful transaction." Id. at 958. The plaintiffs then juxtapose the Fifth Circuit's statement in Dennis v. General Imaging, Inc., 918 F.2d 496 (5th Cir. 1990), that Thompson required "participat[ion] in the violation," against a footnote three years later observing that "Dennis does not accurately reflect our rejection in Thompson of a 'culpable participation' requirement." Abbott v. Equity Group, 2 F.3d 613, 620 n.18 (5th Cir. 1993). The plaintiffs paste these stray comments about "participation" together to claim that they exalt Thompson's observation into a pleading principle. They exaggerate a comment about the *definition* of what control is *not* into a rule that *status* is all a pleading requires.

That grossly overreads the Thompson sentence and the interpretive footnote in Abbott, and it dismisses Dennis altogether. More important, the plaintiffs' embroidery of the court's comment about "participation's" utility in defining control ignores what the decisions actually hold is required for Section 20(a) liability. Greater scrutiny of the context, and *all* of the language of the three decisions, yields a quite different result.

Thompson does not articulate the standard for *pleading* "control person" liability under Section 20(a). It could not. The plaintiff in that case never even invoked the statute. Instead, at the conclusion of the trial, the defendant asked for a ruling that he was *not* a control person, but the court refused to give it. 636 F.2d at 958. The fact that the court refused to say -- after all the evidence was in -- that the plaintiff had not *proved* that the defendant was a control person says nothing about what a plaintiff must say in a complaint to trigger a factual inquiry and jury presentation. Rather, the court found that the evidence was enough to establish at trial that a stockholder who was an officer and director of the company, owned twenty-four percent of the company's stock, and had day-to-day control of the area of operation of the company in which the alleged fraud occurred, was a controlling person. Id. To be sure, the court observed in the sentence the plaintiffs harp on that "participation in the wrongful transaction" is not required to meet the statutory definition of "control." But based on the evidence of day-to-day management and power over the fraudulent practices, a jury could not be instructed that "control" did not exist as a matter of law.

The Fifth Circuit's next substantive discussion of control person liability occurred in Dennis v. General Imaging, Inc., 918 F.2d 496 (5th Cir. 1990). Again, this case did not arise on the appeal of a motion to dismiss; the court was instead ruling on an appeal of a decision granting the defendants summary judgment on a developed factual record. In Dennis, the court found that mere status as an investor, officer or director of a company is not enough to be a controlling person. 918 F.2d at 509. The court also stated, citing Thompson, that to make out a *prima facie* case of a Section 20 violation, plaintiff must prove that "1) each [defendant] had actual power or influence over the controlled person and 2) each induced or participated in the alleged violation." Id.

In view of the plaintiffs' emphasis of Thompson's singular phrase, they state without qualification in their brief that Dennis is conflicting authority. Plaintiffs' Brief at 11 n.3. The Dennis court apparently thought differently, however, as it cited Thompson – twice, in fact -- for the very proposition that plaintiffs here protest. 918 F.2d at 509. The two cases easily reconcile. Thompson observed that actual participation in the wrongful transaction was not required, but determined that evidence of the defendant's actual day-to-day influence over the company's relevant affairs was dispositive. Dennis cited Thompson, noting the absence of "proof . . . that [the defendant] had any influence at all over the corporate policies pursued . . . or knew about . . . the acts alleged . . .." 918 F.2d at 509. The harmony is apparent: even if actual participation is not necessary, influence over day-to-day operations such that the power to use that influence over the transgression at issue can be inferred is essential to a control person claim.

The Fifth Circuit discussed Thompson and Dennis together in Abbott v. Equity Group, 2 F.3d 613 (5th Cir. 1993). On an appeal of a decision on a motion for summary judgment, the court in Abbott held that a surety and bonding agent of a company alleged to have made false statements and material omissions in a private placement memorandum were not controlling persons because they had no power to control the company, whether in connection with the alleged false disclosures or otherwise. 2 F.3d at 620. The court specifically stated that it was not deciding whether exercise of any power was necessary for liability under Section 20(a), since it found that the alleged controlling persons had *no* power of any kind to exercise. Id.

In discussing whether the required showing for Section 20(a) liability is merely control over the operations of a corporation in general or whether the power to control the specific transaction at issue is also necessary (a discussion not necessary to the holding of case), the Abbott court authored a single footnote from which the plaintiffs in this case have excised the

second sentence and elevated the first sentence to controlling authority. The footnote commented:

> We note that Dennis does not accurately reflect our rejection in Thompson of a 'culpable participant' requirement. 918 F.2d at 509. We need not resolve this inconsistency, because our holding turns on appellants' failure to establish [the defendants'] power to control [the company].

2 F.3d 620 n.18. As explained above, Dennis and Thompson are not inconsistent. But even if one considers the two cases to conflict, this footnote by its own terms does *not* resolve the inconsistency.

Reading Thompson, Dennis and Abbott together simply does not lead to the conclusion that status alone is enough to state a claim for control person liability. Instead, in each of the cases, liability *vel non* turned upon the actual *existence* of power over *day-to-day operations* such that the power to use influence over the *particular* alleged violation can at least be inferred.

Indeed, this interpretation is confirmed by several recent cases decided by district courts in the Fifth Circuit that plaintiffs have ignored. For example, in Weld v. Stage Stores, Inc., No. H-99-0957, at 11 (S.D. Tex. Dec. 8, 1999) (attached to June 8, 2000 letter to Court from John D. Donovan, Jr.), the court stated that "[p]ursuant to § 20(a), the plaintiff is required to plead specific facts to demonstrate how each individual defendant possessed the power to control or prevent the primary securities violation." Similarly, in this District, Judge Fitzwater found that a properly pled § 20(a) claim includes "particularized facts as to each controlling person's culpable participation in the fraud perpetrated by the controlled person." RGB Eye Assocs., P.A. v. Physician Resource Group, Inc., No. 3:98-CV-1715D, 1999 U.S. Dist. LEXIS 21940, at *39-40 (N.D. Tex. May 13, 1999). As these cases clarify, to make out a case of "control person" liability, a plaintiff must allege specific facts that raise the "strong inference" that "control" existed, and was wielded, in connection with the disclosure violations alleged.

### B. *Pleading Actual Power to Influence Specific Conduct Is Consistent With the PSLRA and The Supreme Court's Decision in Central Bank*

Under the PSLRA, as a joint and several liability measure Section 20(a) requires proof that a control person acted "knowingly." Self-evidently, one cannot "commit" a "knowing" violation merely by virtue of "status." The concepts of knowledge and status are mutually exclusive. And since some mental state is required, under the PSLRA the pleading must allege particularized facts giving rise to the "strong inference" that the defendant acted "knowingly." As a matter of logic and statutory text, then, status cannot suffice. Under the Reform Act a plaintiff must describe how control exists and was wielded to make out an actionable claim.

To be sure, the Court of Appeals for the Fifth Circuit has not addressed control person liability since the enactment of the PSLRA. It is very difficult to imagine, however, that the Fifth Circuit would find that legislation that significantly altered the securities law landscape left Section 20(a) unaffected. To achieve its goal of curbing frivolous securities litigation, the PSLRA provides heightened pleading requirements for cases of fraud and underscores the factual particularity that must be pled to sustain such actions. If a plaintiff could merely make conclusory allegations of control under Section 20(a), without articulating how control was exercised -- and thus why the controller's conduct was "knowing" -- the Act's entire purpose would be circumvented. Plaintiffs who could not sue directors or officers *directly* under Section 10(b) and Rule 10b-5 because they could not make out particularized facts supporting scienter could instead sue them *indirectly* under Section 20(a). Surely Congress did not intend to be so strict in requiring actual pleading of evidence of facts amounting to fraudulent conduct and fraudulent state of mind for a *primary* offense, but allow the pleading of mere status for *secondary* liability. Such a statutory scheme would defy common sense, but this is precisely what the plaintiffs would have this Court believe that Congress adopted.

Plaintiffs' contention that the PSLRA had no impact on the pleading standards for Section 20(a) liability is also highly questionable in light of recent securities law jurisprudence distinguishing between primary and secondary conduct. In Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164 (1994), the Supreme Court held that only "*primary* violators" of the Exchange Act are within the ambit of Section 10(b), and claims for "aiding and abetting" fall outside the statute's reach. Since Central Bank, a number of courts have held that claims for conspiracy and respondeat superior under Section 10(b) are also invalid. See, e.g., Dinsmore v. Squadron, Ellenoff, Plesent, Sheinfeld & Sorkin, 135 F.3d 837, 842 (2d Cir. 1998) (collecting cases regarding conspiracy); In re Fidelity/Micron Securities Litigation, 964 F. Supp. 539, 544 (D. Mass. 1997) (respondeat superior). In combination with the mandates of the PLSRA, the Supreme Court's stated policy of requiring primary conduct in Rule 10b-5 cases directs that a "control person" case under Section 20(a) – the only form of secondary liability left after Central Bank and its progeny -- *cannot* be pled on status alone.

Together, then, the PSLRA and Central Bank effectively overrule any hint in prior caselaw that would allow a plaintiff to plead control person liability based on status alone. But here, the Amended Complaint does not even attempt to make more of a showing against the Bain Defendants. As discussed in the Bain Defendants' initial brief, other than a passing reference to unspecified "interface" between "Bain" and various executives of AmPad, see *Amended Complaint* ¶ 15, the plaintiffs make no allegation -- let alone aver supporting facts -- that the Bain Defendants were involved in the day-to-day operations of AmPad. More importantly, the Amended Complaint contains not even a hint that the Bain Defendants ever told management what to do or say in connection with the alleged disclosure violations here or otherwise. Lacking

any nexus between their allegations of the Bain Defendants' *status* and the specific disclosures at issue in this case, the plaintiffs' control person claim fails.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Amended Complaint must be dismissed as to the Bain Defendants. To the extent that it is dismissed pursuant to Rule 12(b)(6), dismissal should be with prejudice because amendment would be futile.

By their attorneys,

John D. Donovan, Jr.
Mass. Bar No. 130950
Michele T. Perillo
Mass. Bar No. 629343
ROPES & GRAY
One International Place
Boston, MA 02110
(617) 951-7000

Lee L. Cameron, Jr.
Texas State Bar No. 03675380
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
5000 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 698-8000

*ATTORNEYS FOR THE BAIN DEFENDANTS*

Dated: March 2, 2001

## CERTIFICATE OF SERVICE

I, Lee L. Cameron, Jr., hereby certify that on this 2nd day of March, 2001, true and correct copies of the Reply Memorandum of the Bain Defendants in Support of Their Motion to Dismiss Plaintiffs' Amended Complaint were served upon all counsel of record as follows:

Kirk B. Hulett
MILBERG WEISS BERSHAD HYNES & LERACH, L.L.P.
600 West Broadway, Suite 1800
San Diego, CA 92101
(U.S. First Class Mail)

Marc R. Stanley
STANLEY, MANDEL & IOLA, L.L.P.
3100 Monticello Avenue, Suite 750
Dallas, TX 75205
(U.S. First Class Mail)

Robert J. Hill
KILGORE & KILGORE, INC.
700 McKinney Place
3131 McKinney Avenue, L.B. 103
Dallas, TX 75204-2472
(U.S. First Class Mail)

Stephen A. Whinston
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(U.S. First Class Mail)

Patricia J. Villareal
Terence M. Murphy
Britt K. Latham
JONES, DAY, REAVIS & POGUE
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201-2958
(Overnight Delivery)

Robin C. Gibbs
Kathy D. Patrick
Jeffrey J. Cotner
GIBBS & BRUNS, LLP
1100 Louisiana, Suite 5300
Houston, TX 77002
(U.S. First Class Mail)

James W.B. Benkard
Frances E. Bivens
DAVIS, POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
(Overnight Delivery)

Ernest E. Figari
FIGARI & DAVENPORT
4800 NationsBank Plaza
901 Main Street, LB125
Dallas, TX 75208-3796
(U.S. First Class Mail)

Richard H. Klapper
Penny Shane
Matt West
SULLIVAN & CROMWELL
125 Broad Street
New York, NY 10004-2498
(Overnight Delivery)

Sanford F. Remz
HUTCHINS, WHEELER & DITTMAR
101 Federal Street
Boston, MA 02110
(U.S. First Class Mail)

John M. Edgar
BRYAN CAVE, L.L.P.
3500 One Kansas City Place
1200 Main Street
Kansas City, MO 64141-6914
(U.S. First Class Mail)

Stephen R. Basser
BARRACK, RODOS & BACINE
Attorneys at Law
Suite 1700
600 West Broadway
San Diego, CA 92101
(U.S. First Class Mail)

Lee L. Cameron, Jr.